**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

24k.com LC; Radisson
Hotels International, Inc;
Radisson Hotel Corporation; Inc;
Gold Points Corporation;
Gold Points.com Corporation;
Carlson Hospitality Group, Inc.;
Carson Marketing Group, Inc.,

Plaintiffs,

v.

Civil No. 00-1808 RHK/JMM

**MEMORANDUM OPINION AND ORDER**

Netcentives, Inc., and
Thomas W. Storey,

Defendants.

---

Ronald J. Schutz, Emmett McMahon, and Nicholas G. Leonard, Robins, Kaplan, Miller & Ciresi L.L.P., Minneapolis, Minnesota, for Plaintiffs.

Michael E. Florey and Mathias Samuel, Fish & Richardson, P.C., P.A., Minneapolis, Minnesota, and James H. Wallace, Jr., Greg R. Lyons, and Scott E. Bain, Wiley, Rein & Fielding, Washington, D.C., for Defendants.

---

## Introduction

Defendant Thomas W. Storey is a former employee of Plaintiff Radisson Hotels International, Inc. (hereinafter referred to, collectively with Plaintiff Radisson Hotel Corporation, as "Radisson"). After Storey had ceased working for Radisson, he applied to the United States Patent and Trademark Office for a patent on an invention relating to



FILED DEC 15 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD DEC 15 2000
DEPUTY CLERK

an online interactive consumer awards program, by which consumers (a) receive award points for purchases made online from selected businesses and (b) can later redeem those points online for merchandise or services. While the patent application was still pending, Storey assigned to Defendant Netcentives, Inc. ("Netcentives") his rights in the patent. The patent subsequently issued, identifying Storey as the sole inventor and Netcentives as the sole assignee.

On July 28, 2000, Plaintiffs brought suit in this Court, alleging that Storey, together with other Radisson employees, conceived of the subject matter of the invention while Storey worked for Radisson. Plaintiffs claim that Storey breached his fiduciary duty and employment obligations to Radisson by failing to assign the patents to Radisson. Plaintiffs request that the Court correct the inventorship of the patents and enter a judgment declaring that either (a) Plaintiffs own the patents, or (b) the patents are invalid and unenforceable, or (c) Plaintiffs have not infringed the patents.

Before the Court is the motion of Defendants Netcentives and Storey to transfer this action to the United States District Court for the Northern District of California on the grounds that this lawsuit is duplicative of, and was filed later than, a patent infringement action brought by Netcentives in the Northern District of California. Defendants also move, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, to have two of the plaintiffs in this action dismissed on the grounds that they have not alleged an ownership interest in the patents and do not appear to be operating an

infringing online rewards program. For the reasons set forth below, the Court will grant the motion to transfer and deny the motion to dismiss pursuant to Rule 12(b)(1).

**Background**

**I. The Plaintiffs**

The Plaintiffs are subsidiaries of Carlson Companies Inc. ("Carlson Companies"). Plaintiffs allege that the business activities of each of them may include aspects of on-line incentive and marketing programs. (Compl. ¶ 8.) Carlson Marketing Group, Inc. ("Marketing Group") administers an on-line incentive program for Radisson International Hotels, Inc. and Radisson Hotel Corporation. (Schrum Aff. ¶ 4.) Gold Points Corporation ("Gold Points") owns and operates the www.goldpoints.com website. (Velani Aff. ¶ 2.) Gold Points.com Corporation ("Gold Points.com") presently owns and operates the www.24k.com website. (Id.) 24k.com LC ("24k.com") is a new organization in the Carlson family of companies, created to own and operate the www.24k.com website. (Shinofield Aff. ¶ 4.)

**II. Factual Background**

From August 1989 until August 1994, Storey worked for Radisson. (Storey Decl. ¶ 6.) Storey alleges that he conceived the inventions claimed in United States Patent Nos. 5,774,870 ("the '870 patent") and 6,009,412 ("the '412 patent") -- a "fully integrated on-line interactive frequency and award redemption program" -- about ten months after he had stopped working for Radisson. ("Storey Decl. ¶ 7.) Plaintiffs allege that Storey,

together with other Radisson employees, conceived of the invention claimed in the '870 and '412 patents while employed by Radisson and at least partially reduced the invention to practice at that time. (Compl. ¶¶ 16, 45, 46.)

In December 1995, Storey applied for a patent on the invention with the United States Patent and Trademark Office.[1] (Storey Decl. ¶ 11.) In late 1996 or early 1997, Storey began to explore with Netcentives the possibility of commercializing the invention claimed in the '870 and '412 patents. (Storey Decl. ¶¶ 13-17.) On July 21, 1997, Storey executed an agreement with Netcentives whereby his corporation -- Interactive Promotions Online, Inc. -- assigned its rights in the pending patent application to Netcentives. (Storey Decl. ¶ 25; Bain Decl. Ex. 3 (Assignment to Netcentives Inc.).) Following the assignment, two California law firms completed the prosecution of the original patent application and a subsequently filed continuation application. (Bain Decl. Ex. 4. (prosecution history documents).) The '870 and '412 patents issued on June 30, 1998 and December 28, 1999, respectively. (Leonard Aff. Ex. B (the '870 and '412 patents).)

In the spring of 2000, Netcentives and Carlson Companies attempted to negotiate the grant by Netcentives of a license for use of the invention claimed in the '870 and '412

[1] The application Storey submitted ultimately was allowed as the '870 patent. The '412 patent, also at issue in this litigation, resulted from a continuation application filed after Storey had assigned his interests in the invention to Netcentives. (See Bain Decl. Ex. 4 (prosecution history documents).)

patents. (Bain Decl. Ex. 2 (collected e-mail correspondence between Schrum and Netcentives).) Those negotiations ultimately fell through and Netcentives did not grant such a license.

## III. Procedural History

Beginning on February 28, 2000, Netcentives brought a series of lawsuits in the Northern District of California alleging that various defendants were infringing the '870 and '412 patents. As part of this series of lawsuits, Netcentives brought an infringement action on July 21, 2000, against, inter alia, Carlson Companies, Inc. (Bain Decl. Ex. 13 (Compl. for Patent Infringement and Declaratory J., Netcentives Inc. v. Beenz.com Inc., Civil No. C-00-2637).)

On July 28, 2000, the Plaintiffs initiated this action against Netcentives and Storey as described in the Introduction, above. On August 21, 2000, Carlson Companies moved to dismiss the claims pending against it in the Northern District of California for lack of personal jurisdiction or, in the alternative, to sever those claims and transfer them to Minnesota, or to stay the California proceedings as against Carlson Companies pending resolution of this action. (Leonard Decl. Ex. E.).

On September 1, 2000, Netcentives filed an Amended Complaint in the California action against Carlson Companies (a) to include Carlson's subsidiaries Gold Points, Gold Points.com, 24k.com LC, and Radisson, and (b) to allow Mr. Storey to join as a plaintiff. (Bain Aff. Ex. 13 (First Am. Compl. for Patent Infringement and Declaratory J.,

Netcentives Inc. v. Beenz.com Inc., Civil No. C-00-2637).) These Carlson subsidiaries have filed an answer to the Amended Complaint. Further proceedings in the California action were stayed pending a ruling on Carlson Companies' motion to dismiss.

## Analysis

### I. Standard of Decision – Transfer to Another Venue

A district court can transfer a case to another district, even if venue is proper in the original district, if it finds that other district would be a more convenient venue. Title 28 of the United States Code, § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The goal of § 1404(a) is to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. Van Dusen v. Barrack, 376 U.S. 612, 616, 84 S. Ct. 805, 809 (1964). In determining whether to transfer venue under § 1404(a), courts consider: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. Terra Int'l, Inc., v. Mississippi Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997). The party seeking to transfer a case bears a heavy burden of establishing that the balance of the § 1404(a) factors strongly favors a transfer. See Graff v. Qwest Communications Corp., 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999) (Doty, J.) (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S. Ct. 839 (1947)).

Netcentives and Storey invoke the "first-filed" rule, arguing that the California

district court is the proper venue for this action because it was the first to obtain jurisdiction over the patents. Where parallel lawsuits involving the same subject matter are proceeding in different venues, the "well-established rule is that . . . the first court in which jurisdiction attaches has priority to consider the case." U.S Fire Ins. Co. v. Goodyear Tire & Rubber Co., 920 F.2d 487, 488 (8th Cir. 1990) (quoting Orthmann v. Apple River Campground, Inc., 765 F.2d 119, 121 (8th Cir. 1985)) (internal quotation marks omitted); accord Serco Servs. Co. v. Kelly Co., 51 F.3d 1037, 1039 (Fed. Cir. 1995). Section 1338(a) of Title 28 of the United States Code provides that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents . . . ." 28 U.S.C. § 1338(a). As Netcentives and Storey observe, the California infringement action arises under Title 35 of the United States Code and relates to the '870 and '412 patents, as does the declaratory judgment action in this Court, which seeks rulings adjudicating the ownership, inventorship, validity, and enforceability of the same patents, as well as a ruling regarding Plaintiffs' non-infringement of those patents. Thus, it appears that the first court to acquire subject matter jurisdiction relating to the '870 and '412 patents was the California district court. See Schering Corp. v. Amgen, Inc., 969 F. Supp. 258, 266 (D. Del. 1997); Advanta Corp. v. Visa U.S.A., Inc., Civ. No. 96-7940, 1997 WL 88906 at * 3 (E.D. Pa. Feb. 19, 1997).

Plaintiffs argue that the California action cannot be deemed the "first-filed" action, relying upon the analysis of a case that is asserted to be procedurally similar:

Mallinckrodt Medical Inc. v. Nycomed Imaging AS, No. 4:98CV444 ERW, 1998 WL 962203 (E.D. Mo. Nov. 13, 1998). In Mallinckrodt, the patentee filed suit against an alleged infringer in the Eastern District of Missouri. A sister corporation to the alleged infringer brought a declaratory judgment action against the patentee in the District of New Jersey. The patentee subsequently amended its infringement complaint to add the sister corporation to the Missouri action. The Missouri court granted the defendants' motion to transfer the action to New Jersey, concluding that it had lacked personal jurisdiction over the original alleged infringer and, therefore, the relation back doctrine was unavailable to permit it to deem the Missouri action the "first-filed." Plaintiffs contend that this case presents the same situation: the California court lacks personal jurisdiction over Carlson Companies and, because Plaintiffs brought this suit before Netcentives amended its complaint in California, the Minnesota suit is properly considered the first-filed.

The lynchpin to Plaintiffs' argument has been roundly rejected, however, by Judge Legge in the Northern District of California. Prior to the hearing on this motion, Judge Legge concluded that his court had personal jurisdiction over Carlson Companies on the grounds that (a) the www.goldpoints.com and www.24k.com websites constituted sufficient contacts with California, and (b) Carlson Companies has sufficient control over those websites for purposes of personal jurisdiction. (Tr. of Nov. 3, 2000 hearing in Netcentives, Inc. et al., v. Beenz.com Inc., Civ. No. C-00-2637 CAL, (hereinafter "Nov.

3, 2000 Legge Tr.") at 26-29.) This Court concurs with Judge Legge's reasoning. The Mallinckrodt case is thus inapposite, and Plaintiffs' basis for claiming that their Minnesota action was the first-filed is without merit. This Court concludes that the California action is the "first-filed."

Under both Federal Circuit and Eighth Circuit precedent, a conclusion that the California action is first-filed does not end the inquiry with respect to Defendants' motion to transfer. "This first-filed rule is not intended to be rigid, mechanical, or inflexible, but is to be applied in a manner best serving the interests of justice. The prevailing standard is that in the absence of compelling circumstances, the first-filed rule should apply." U.S. Fire Ins. Co., 920 F.2d at 488-89 (internal quotation marks and citations omitted). The first-filed rule need not be followed where there is a sound reason to conclude that it would be unjust or inefficient to continue the first-filed action, such as inconvenience to or the unavailability of witnesses, the absence of jurisdiction over all necessary parties, or the possibility of consolidation with related litigation. See Serco Servs. Co., 51 F.3d at 1040. In opposing the transfer of this action to California, Plaintiffs have questioned the California court's ability to exercise personal jurisdiction over them and have contended that the convenience to the Plaintiffs and their witnesses of litigating in Minnesota and the interests of justice militate against transferring this action to California. The Court considers these arguments in turn.

Plaintiffs contend that the California court lacks personal jurisdiction over them

and note that they have asserted a defense of a lack of personal jurisdiction or proper venue in their answer to Netcentives and Storey's September 1 Amended Complaint. Specifically, Plaintiffs contend that 24k.com LC has no California contacts. Beyond a conclusory allegation that 24k.com LC has no California contacts, however, Plaintiffs have provided minimal evidence regarding 24k.com LC. It appears that 24k.com LC is a new organization in the Carlson family of companies, created to own and operate www.24k.com. (See Shinofield Aff. ¶ 4.) As Judge Legge found in connection with Carlson Companies' motion to dismiss for lack of personal jurisdiction, two interactive websites, www.goldpoints.com and www.24k.com, solicit and register California residents for the incentive points programs, award those persons points based upon on-line purchasing activity, and provide for redeeming those points for goods and services offered by Carlson subsidiaries and others. (Nov. 3, 2000 Legge Tr. at 26-27.) Based on the record before it, this Court cannot conclude that 24k.com LC or the other Plaintiffs would not be subject to the personal jurisdiction of the court in the Northern District of California. Without evidence of such a compelling circumstance, the Court concludes that the first-filed rule should apply.

Plaintiffs next contend that it would be more convenient to them and their witnesses for the lawsuit to be tried in Minnesota. In support of this argument, Plaintiffs have identified four witnesses located in Minnesota who Plaintiffs anticipate will be called to prove their claims regarding ownership, inventorship, and infringement.

(Leonard Decl. ¶ 4.) Plaintiffs also aver that the documents they intend to use to prove their claims are located in Minnesota. (Id.) While it is undoubtedly true that it would be more convenient for Plaintiffs, all located in Minnesota, to try their claims in Minnesota, that factor is entitled to less weight in light of the fact that the first case filed regarding these patents was brought in California. Plaintiffs have identified no hardship either to themselves or to their witnesses that is so compelling as to override application of the first-filed rule.

With respect to the interests of justice, the Court finds that this factor also weighs in favor of transferring this action to the Northern District of California. "Among the considerations which may be relevant in analyzing this factor are the relative familiarity of the two courts with the law to be applied, the relative ability of the parties to bear the expenses of litigating in a distant forum, judicial economy, the plaintiffs' choice of forum, obstacles to a fair trial, and each party's ability to enforce a judgment." Graff, 33 F. Supp. 2d at 1122. Judicial economy clearly favors a transfer. Having two separate actions pending in two different courts which relate to the validity and enforceability of the same patents is untenable. In the Northern District of California, there is the potential that the resolution of issues raised by the Plaintiffs here could conclusively determine not only Netcentives' claims against Carlson Companies and its subsidiaries, but also Netcentives' claims against other alleged infringers in related patent infringement cases also pending before Judge Legge. There is no evidence that the subsidiaries of Carlson

Companies are less able than Netcentives and Storey to bear the expense of litigating in a distant forum. Plaintiffs state law claims for breach of an employment contract and breach of fiduciary duty are not so unusual as to pose any particular difficulties for the court in the Northern District of California. Accordingly, the interests of justice support the transfer of this action to the Northern District of California.

In light of the "first-filed" doctrine, and upon a consideration of the equities regarding litigating this matter in California rather than in Minnesota, the Court concludes that this matter shall be transferred to the Northern District of California.

## II. Dismissal of Carlson Hospitality and Carlson Marketing

In their initial motion papers, Defendants also requested that the Court dismiss Carlson Hospitality and Carlson Marketing for lack of a justiciable controversy. Following Plaintiffs' response to the motion, however, Defendants have apparently withdrawn that motion as to Carlson Marketing and now seek only to dismiss Carlson Hospitality. (Defs.' Reply Mem. at 11.)

The website for Carlson Companies, www.carlson.com, which the Defendants have discussed in their motion papers, indicates that there are several corporations under the umbrella of Carlson Hospitality Worldwide, including Radisson Hotels International, Storey's former employer. Also under the umbrella of Carlson Hospitality Worldwide are restaurants, hotels and resorts at which award points could be earned (Bain Decl. Exs. 5 & 11 (printouts of website pages for www.goldpoints.com)), and at which awarded

points could be redeemed. (Nov. 3, 2000 Legge Tr. at 26-27.) Plaintiffs contend that Carlson Hospitality feared it would be sued by Netcentives. Based on the foregoing, the Court finds that there is a nexus between Carlson Hospitality and the allegedly infringing websites of www.goldpoints.com and www.24k.com sufficient to give rise to a justiciable controversy. The Court will accordingly deny the motion to dismiss.

## Conclusion

Based on the foregoing, and all of the files, records and proceedings herein, **IT IS ORDERED THAT**

1. Defendants Netcentives, Inc. and Thomas Storey's Motion to Dismiss Carlson Hospitality Group, Inc. and Carlson Marketing Group, Inc. from the Complaint (Doc. No. 7) is **DENIED**; and

2. Defendants Netcentives, Inc. and Thomas Storey's Motion to Transfer this matter to the Northern District of California (Doc. No. 7) is **GRANTED**. The Clerk of the Court is directed to transfer the file to the United States District Court for the Northern District of California.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated: December 15, 2000

RICHARD H. KYLE
United States District Judge